## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ASHAYLA KENNY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. _____ |
| | ) | |
| THE MOREHOUSE SCHOOL | ) | |
| OF MEDICINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff Ashayla Kenny ("Plaintiff"), by and through her undersigned counsel, and files this Complaint showing the Court as follows:

### Parties

1.

Plaintiff has worked for Defendant, The Morehouse School of Medicine, Inc. ("MSM"), within this judicial district at all times relevant to this Complaint.

2.

MSM is a Georgia corporation, and process may be served upon its registered agent, Harold W. Jordan, at 720 Westview Dr. SW, Atlanta, Georgia 30310 in Fulton County.

3.

MSM is a privately funded medical educational institution located in Atlanta, Georgia.

**Jurisdiction and Venue**

4.

This action arises under the maximum hour provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA"), and under Georgia contract law.

5.

Plaintiff is and was an employee of MSM at all times relevant to the claims in this Complaint and is therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

6.

MSM was at all times relevant to this Complaint an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

7.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA, and pursuant to 28 U.S.C. § 1367, this Court shall have supplemental

jurisdiction over Plaintiff's state law claim in Count 2 alleging breach of her employment compensation agreement.

8.

Jurisdiction and venue are therefore proper in this action.

## Facts Related To All Counts

9.

Plaintiff worked for MSM under the job title of "Administrative Assistant" throughout the relevant period.

10.

Plaintiff was a non-exempt employee under the FLSA and was paid a weekly amount as compensation for a thirty-five hour work week throughout the relevant period.

11.

On multiple occasions beginning with the paycheck following the pay period ending November 30, 2008 (the "relevant period"), Plaintiff was not paid the overtime compensation required by the FLSA for weeks in which MSM suffered or permitted her to work over forty hours per work week, by paying Plaintiff for all hours worked during such overtime weeks at the rate of (i) her straight-time hourly rate for hours worked between 35 and 40 and (ii) time-and-a-half her applicable regular rate for hours worked over 40.

...

12.

Beginning in or about June, 2010, Plaintiff made verbal and written requests for payment of overtime compensation owed to her for her hours worked over 40 in a work week during the relevant period, but MSM did not pay her the overtime compensation owed.

13.

Upon information and belief, MSM failed to keep all records required by 29 U.S.C. § 211(c) regarding Plaintiff's wages, hours worked, and other conditions of employment for the time period required by law.

### **Count 1: FLSA -- Overtime**

14.

Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs.

15.

MSM failed to pay Plaintiff the overtime compensation to which she was entitled under the FLSA throughout the relevant period.

16.

Plaintiff is therefore entitled to recover her unpaid overtime compensation and an equivalent amount as liquidated damages, in addition to prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **Count 2: Breach of Compensation Agreement**

17.

Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs.

18.

During the relevant period, Plaintiff was not paid her hourly rate owed under her compensation agreement with MSM for all hours worked over 35 in a work week during which Plaintiff worked more than 35 hours but less than 40 hours (a "non-overtime work week").

19.

Plaintiff is therefore owed her unpaid wages for hours worked over 35 in non-overtime work weeks during the relevant period.

20.

Plaintiff has made demand to MSM for payment of her unpaid wages under her compensation agreement, but MSM has acted in bad faith and has been stubbornly litigious in refusing to pay Plaintiff the wages owed.

21.

Therefore, in addition to the damages owed to Plaintiff for breach of employment compensation agreement, Plaintiff is also entitled to recover her

attorney's fees and litigation costs pursuant to O.C.G.A. §§ 9-11-68, 9-15-14, and/or 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Award Plaintiff her back overtime pay and an equivalent amount as liquidated damages for all hours worked in an overtime work week during the relevant period;

2. Award Plaintiff her unpaid wages for hours worked in non-overtime weeks during the relevant period;

3. Award Plaintiff her costs and attorney's fees; and

4. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 30th day of November, 2010.

      *s/ C. Andrew Head*
      Georgia Bar No. 341472
      Attorneys for Plaintiff
      CROWLEY CLARIDA & HEAD LLP
      Suite 500
      900 Circle 75 Parkway
      Atlanta, Georgia 30339-3099
      (678) 888-0036
      (678) 888-0045 (facsimile)
      Email: ahead@cchlawfirm.com